**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) |
| | ) I.D. # 1606022887 |
| WILLIAM M. HERKINS, | ) |
| | ) |
| Defendant. | ) |

Submitted: August 5, 2024
Decided: September 20, 2024

**ORDER DENYING WILLIAM M. HERKINS'**
**MOTION FOR SENTENCE REDUCTION**

Having considered William M. Herkins' ("Herkins") Motion for Sentence Modification (the "Third Motion"), for the following reasons the Motion is **DENIED**.

**FACTUAL BACKGROUND**

1. On May 8, 2017, Herkins pled guilty to two counts of Dealing in Child Pornography and two counts of Possessing Child Pornography. Herkins was sentenced effective June 28, 2016 as follows: (1) as to each count of Dealing in Child Pornography, 25 years at Level V, suspended after five years for periods of partial incarceration and probation at Levels IV and III; and (2) as to each count of Possession of Child Pornography, three years at Level V, suspended for one year at Level II. The Level V sentences are consecutive and probationary terms run concurrently.

1

2.	On September 11, 2017, Herkins filed a timely Motion for Sentence Reduction (the "First Motion"),[1] seeking to modify his unsuspended Level V time to be served concurrently, rather than consecutively. In support, he argued that other defendants convicted of similar crimes received sentences different from Herkins.[2]

3.	On December 13, 2017, the Court denied the First Motion, finding that Herkins' sentence was appropriate.[3] While the Court was permitted to impose concurrent sentences, it chose not to do so after considering a variety of aggravating and mitigating factors, including the presentence investigation and Herkins' employment as a schoolteacher.[4] Herkins did not appeal.

4.	On May 10, 2024, Herkins filed a Motion for Modification of Sentence (the "Second Motion"),[5] seeking to transfer the probation portion of his sentence to Pennsylvania. Herkins argued that his support system, including his aging parents, are in Pennsylvania and serving his probation there would empower him to secure employment, participate in treatment, and care for his parents.[6]

---

[1] D.I. 25.
[2] D.I. 25.
[3] D.I. 26.
[4] D.I. 26.
[5] D.I. 28.
[6] D.I. 28.

5. On June 5, 2024, the Court denied the Second Motion, as transfers of probation to another state are within the authority of the Department of Correction ("DOC").[7]

## *The Third Motion*

6. On August 14, 2024, Herkins filed the Third Motion,[8] which requests that his Level IV sentence be modified "in order to facilitate [Pennsylvania] residency for supervision under the interstate transfer agreement."[9] In support, Herkins argues that residing in a Level IV facility as a Tier II Sex Offender, with no access to Internet-connected devices, is the functional equivalent of his current Level V sentence. Having paid the assessed court costs and fees, he has no ties to Delaware. Finally, he is needed in Pennsylvania to care for his aging, home-bound father.

## *Analysis*

7. Superior Court Criminal Rule 35(b) governs motions for modification or reduction in sentencing. It provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[10]

---

[7] D.I. 29.
[8] D.I. 30.
[9] D.I. 30.
[10] Super. Ct. Crim. R. 35(b).

8. Under Rule 35(b), the Court may consider reducing the term or conditions of partial confinement or probation at any time.[11] The burden of proof is on the movant to establish cause to modify a lawfully imposed sentence.[12] While the rule does not set forth specific criteria which must be met to sustain this burden of proof, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[13]

9. Rule 35(b) further provides that the Court "*will not* consider repetitive requests for reduction of sentence."[14] There is no exception to the repetitive motion bar, even when the subsequent motion requests a reduction or modification of a term of partial confinement or probation.[15]

10. When considering Rule 35(b) motions, the Court first addresses applicable procedural bars.[16] The Third Motion is not time-barred because Herkins is seeking a modification of partial confinement.[17] Because Herkins previously filed

---

[11] Super. Ct. Crim. R. 35(b).
[12] *State v. Evans*, 2024 WL 36518, at *2 (Del. Super. Jan. 3, 2024) (citation omitted).
[13] *Evans*, 2024 WL 36518, at *2, citing *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017) (internal quotations omitted).
[14] Super. Ct. Crim. R. 35(b) (emphasis added).
[15] *State v. Ushler*, 2024 WL 3813301, at *3 (Del. Super. Aug. 14, 2024), citing *State v. Culp*, 152 A.3d 141, 144 (Del. 2016); *State v. Velez*, 2024 WL 885435, at *2 (Del. Super. Mar. 1, 2024), citing *State v. Burton*, 2020 WL 3057888, at *2 (Del. Super. Jun. 5, 2020).
[16] *Ushler*, 2024 WL 3813301, at *2.
[17] Super. Ct. Crim. R. 35(b).

the First and Second Motions,[18] however, the Third Motion is procedurally barred as repetitive.  Therefore, the Court need not reach the merits of the Third Motion. Accordingly, the Third Motion is **DENIED**.

IT IS SO ORDERED.


/s/Kathleen M. Miller
Kathleen M. Miller, Judge

cc: Original to Prothonotary
Periann Doko, Esq., Delaware Attorney General
William Herkins (SBI # 00831472)

---

[18] *See* D.I. 25 and 28.